UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA E. SCHMIDT,

      Plaintiff,

v.                                    Case No:  2:17-cv-333-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION AND ORDER

      This cause comes before the Court on Plaintiff Linda E. Schmidt's Complaint, filed on

June 15, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the

Commissioner of the Social Security Administration denying her claim for a period of disability

and disability insurance benefits. The Commissioner filed the Transcript of the proceedings

(hereinafter referred to as "Tr." followed by the appropriate page number). The parties filed a

Joint Memorandum setting forth their positions. For the reasons set out herein, the decision of

the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. §

405(g).

## I.    Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review

### A.    Eligibility

      The law defines disability as the inability to do any substantial gainful activity by reason

of any medically determinable physical or mental impairment that can be expected to result in

death or that has lasted or can be expected to last for a continuous period of not less than twelve

months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.[1]  The impairment must be

severe, making the claimant unable to do her previous work, or any other substantial gainful

activity that exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. 404.1505 -

404.1511.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to

the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.     Procedural History

On May 27, 2014, Plaintiff filed an application for a period of disability and disability

insurance benefits with an alleged onset date of October 10, 2011.  (Tr. at 18, 182).  The

application was denied initially on August 8, 2014, and upon reconsideration on August 29,

2014.  (Tr. at 57, 75).  A video hearing was held before Administrative Law Judge ("ALJ")

Roxanne Fuller on June 21, 2016.  (Tr. at 33-56).  The ALJ issued an unfavorable decision on

October 19, 2016.  (Tr. at 15-32).  The ALJ found Plaintiff not to be under a disability at any

time from October 10, 2011, the alleged onset date, through December 31, 2013, the date last

insured.  (Tr. at 27).

On April 26, 2017, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-

6).  Plaintiff filed a Complaint in this Court on June 15, 2017.  (Doc. 1).  Defendant filed an

Answer on October 16, 2017.  (Doc. 11).  The parties filed a Joint Memorandum setting forth

their positions and arguments on the issues.  (Doc. 21).  The parties consented to proceed before

a United States Magistrate Judge for all proceedings.  (*See* Doc. 15).  This case is ripe for review.

---

[1]  The Court notes that the Social Security regulations were recently revised.  *See* Revisions to
Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).
Unless otherwise specified, the Court refers to the regulations in effect at the time of the
Administrative Law Judge's decision.

## C.      Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2]  An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013.  (Tr. at 20).  At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 10, 2011, the alleged onset date, through December 31, 2013, the date last insured. (*Id.*).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "fibromyalgia and arthritis."  (Tr. at 21).  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).  (*Id.*).

---

[2]  Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

Based on the evidence, the ALJ determined that Plaintiff had the RFC to perform "sedentary work" except:

> occasional climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasional balance, stoop, crouch, kneel, crawl; frequent handling objects, that is gross manipulation, with both hands; frequent fingering objects, that is fine manipulation, with both hands; occasional exposure to extreme cold, heat, wetness, or humidity; occasional exposure to excessive vibration; occasional exposure to moving mechanical parts; occasional operating a motor vehicle; occasional exposure to unprotected heights.

(Tr. at 21).

At step four, the ALJ determined that Plaintiff can perform her past relevant work as an accounting clerk and escrow clerk. (Tr. at 26). The ALJ found that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.*). In reaching this conclusion, the ALJ noted the vocational expert's ("VE") testimony that Plaintiff's past work would be classified under the *Dictionary of Occupational Titles* ("DOT") as an accounting clerk (DOT# 216.482-010), which is skilled sedentary work with a Specific Vocational Preparation ("SVP") of 5; escrow clerk (DOT# 249.362-014), which is skilled, sedentary work with an SVP of 5; and mortgage loan officer (DOT# 249.362-022), which is skilled, sedentary work with an SVP of 5. (Tr. at 26-27). The VE testified that Plaintiff was able to perform her past relevant work. (*See id.*). The ALJ relied on the VE's testimony in making her findings. (Tr. at 27). In sum, the ALJ determined that a finding of "not disabled" was appropriate. (*Id.*).

Because the ALJ found that Plaintiff was able to perform her past relevant work, the ALJ did not proceed to step five. (*See id.*). Accordingly, the ALJ concluded that Plaintiff was not under a disability from October 11, 2011, the alleged onset date, through December 31, 2013, the date last insured. (Tr. at 27).

**D. Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises three issues on appeal:

1. Whether substantial evidence supports the ALJ's step four conclusion;

2. Whether the ALJ's failure to include a sit-stand option in the Plaintiff's RFC and hypothetical to the VE rendered her decision unsupported by substantial evidence; and

> 3. Whether the ALJ's failure to include concentration limitations in the RFC assessment was supported by substantial evidence.

(Doc. 21 at 7, 18, 23). The Court addresses each issue in turn below, beginning with the ALJ's analysis at step four.

## A.    The ALJ's Step-Four Analysis

At step four of the sequential evaluation, the burden lies with Plaintiff to show that she cannot return to her past relevant work as she actually performed it or as it is performed in the general economy. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 830 (11th Cir. 2013); *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010). Even though the burden lies with Plaintiff, the ALJ must consider all of the duties of Plaintiff's past relevant work and evaluate Plaintiff's ability to perform that work despite her impairments. *Levie*, 514 F. App'x at 830. Past relevant work is defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). Before determining whether a claimant can perform her past relevant work, the ALJ first determines the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). Based on the individual RFC, if the claimant is capable of doing the past relevant work, then the ALJ will find the claimant is not disabled. 20 C.F.R. § 404.1560(b)(2)-(3).

Plaintiff argues that the ALJ erred in her finding that she could perform her past relevant work as an accounting clerk and as an escrow clerk. (Doc. 21 at 7). Additionally, Plaintiff argues the ALJ erred by not addressing an inconsistency in the ALJ's decision regarding the findings of the State agency physician. (*Id.* at 7, 12-13). The Court considers Plaintiff's specific arguments below.

### 1.    Accounting Clerk

As to the job of accounting clerk, Plaintiff first argues that the job accounting clerk should not be considered past relevant work because her employment did not last long enough for her to learn to do the work.  (*Id.* at 8).  Specifically, Plaintiff notes that past relevant work is work that (1) "the claimant has performed within the past 15 years, (2) which lasted long enough for the claimant to learn to do it, and (3) which the claimant performed at a substantial gainful activity level."  (*Id.* at 7 (citing 20 C.F.R. § 404.1560(b)(1))).  Plaintiff argues that the "average amount of earnings that an individual makes a year is the primary guide used by the agency in determining the existence of substantial gainful activity."  (*Id.* at 7-8 (citing *Baker v. Astrue*, No. Civ. 08-00598-N, 2009 WL 2612204, at *3 (S.D. Ala. Aug. 21, 2009))).  Additionally, Plaintiff notes that, based on the Specific Vocational Preparation for the job of accounting clerk, the job requires "over 6 months and up to and including one year to learn to do it."  (*Id.* at 8 (citing Tr. at 280)).

Here, although Plaintiff worked as an accounting clerk from October 2007 through April 2008, Plaintiff contends that she only earned $14,151.08 during her employment.  (*Id.*).  To have worked as an accounting clerk at her pay rate for a full six months, Plaintiff argues that she would have made $14,560.00.  (*Id.*).  As a result, Plaintiff contends that she did not work as an accounting clerk for six months but, rather, one week less than six months.  (*Id.*).  Thus, Plaintiff argues that the job of accounting clerk cannot be considered past relevant work because her employment did not last long enough for her to learn to do the work.  (*Id.*).

Second, Plaintiff argues that she could not perform her past work as an accounting clerk as actually performed because the position is inconsistent with her sedentary RFC assessment.

(*Id.* at 9).  Specifically, Plaintiff contends that the accounting clerk position required her to stand for two hours and to walk for two hours as well as lift twenty pounds.  (*Id.* (citing Tr. at 231)).

Finally, Plaintiff contends that the ALJ erred in finding that she could perform work as accounting clerk as generally performed because her position was a composite job.  (*Id.*).  Plaintiff notes that a "composite job is one which has 'significant elements of two or more occupations.'"  (*Id.* (citing *Bechtold v. Massanari*, 152 F. Supp. 2d 1340, 1345 n.5 (M.D. Fla. 2001) (quoting SSR 82-61), *aff'd sub nom. Bechtold v. Barnhart*, 31 F. App'x 202 (11th Cir. 2001))).  Plaintiff contends that her testimony suggests her work as an accounting clerk "required substantial duties of mail clerk and data entry jobs."  (*Id.* at 10).  According to the Program Operations Manual System ("POMS") used by the Social Security Administration, Plaintiff notes that a "composite job will not have a DOT counterpart" and, therefore, should not be evaluated at step four.  (*Id.* (internal citations omitted)).  Plaintiff argues that, because her position was a composite job, it could not be evaluated at step four.  (*Id.*).  Thus, Plaintiff contends that the ALJ erred at step four because she failed to consider that Plaintiff's position was a composite job. (*See id.* at 11-12).

In response, Defendant argues that the ALJ's decision is supported by substantial evidence of record.  (*Id.* at 14-15).  As an initial matter, Defendant contends that the Specific Vocational Preparation for a job is only a "guideline to for determining how long it would take a claimant to achieve average performance in a job."  (*Id.* at 15 (citing POMS DI 25001.001.A.77).  Because the SVP is only a guideline, Defendant contends that the ALJ properly found the job of accounting clerk was past relevant work.  (*Id.* at 16).  Furthermore, Defendant notes that Plaintiff admitted to working from October 2007 through April 2008, which Defendant states is seven

months.  (*Id.* (citing Tr. at 204, 230, 259)).  As a result, Defendant argues that the ALJ did not err by finding that the accounting job was past relevant work.  (*Id.*).

Additionally, although Defendant concedes the ALJ erred by finding that Plaintiff can do her past relevant work as an accounting clerk as actually performed, Defendant nonetheless argues that Plaintiff could do her past relevant work as generally performed.  (*Id.*).  Specifically, Defendant contends that Plaintiff's argument that her position as an accounting clerk was a composite job is without merit.  (*Id.*).  Instead, Defendant argues that Plaintiff chose specific "tasks from her own description of her past relevant work to come up with unsupported job titles she argues were composite with the past relevant work."  (*Id.*).  Defendant notes that while "a claimant may have performed a job differently, that is with different demands and duties, than it is usually performed . . . that does not by itself make the job a composite job."  (*Id.* at 16-17 (citing 20 C.F.R. § 404.1560(b)(2); SSR 82-61, 1982 WL 31387, at *2)).  Here, although Plaintiff's job may have involved functional demands and job duties in excess of those usually required for the job, Defendant argues that the ALJ properly found that Plaintiff could perform the job of accounting clerk as it is generally performed.  (*Id.* at 17).  Thus, Defendant argues that the ALJ did not err.  (*Id.*).

After careful review of the record and the parties' arguments, the Court agrees with Defendant.  The Court rejects Plaintiff's argument that the accounting clerk position was not past relevant work because she spent less than six months on the job and, therefore, did not work long enough to learn how to do it.  (*See id.* at 9).  As noted by Defendant, the Specific Vocational Preparation for a job is meant to be "a guideline to help determine how long it would generally take to learn a particular job."  POMS DI 25005.015(D),

https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005015; *see also Bond v. Comm'r of Soc. Sec.,*

No. 6:15-cv-333-ORL-GJK, 2016 WL 3906929, at *3 (M.D. Fla. July 19, 2016) (internal

citations omitted; finding that "each SVP level is the amount of time a 'typical worker' needs to

learn the job" but "does not mandate that every worker needs to perform a particular job for the

period of time associated with that job's SVP"). Here, Plaintiff offered no argument that she

actually failed to learn how to do the job of accounting clerk. Indeed, other than a technicality

based on her own calculations, Plaintiff provided no proof showing that she did not adequately

learn the job. (*See* Doc. 21 at 8).

  Furthermore, this Court has previously rejected arguments that a plaintiff did not learn

how to do the job when the plaintiff failed to raise objections to the VE's testimony at the

hearing. *See Turner v. Comm'r of Soc. Sec.*, No. 2:13-cv-485-FTM-DNF, 2014 WL 4542975, at

*4 (M.D. Fla. Sept. 12, 2014) (finding that the plaintiff did not meet her burden of proving that

she did not learn how to do the job while performing it, in part, because she did not raise

objections during the VE's testimony). Here, when the VE testified at the hearing that Plaintiff

could perform her past relevant work as an accounting clerk, Plaintiff did not raise any argument

or objection that she did not adequately learn the job. (Tr. at 54-55). As a result, the Court finds

that Plaintiff failed to meet her burden of showing that she did not learn how to do the job of

accounting clerk. *See Turner*, 2014 WL 4542975, at *4.

  As a final matter, while Defendant concedes the ALJ erred in finding that Plaintiff can

perform the work of accounting clerk as it was actually performed, Defendant is correct that this

error is harmless because Plaintiff has not shown that should could not perform the job of

accounting clerk as generally performed.

  In reaching this conclusion, the Court finds Plaintiff's composite job argument

unpersuasive. As noted above, Plaintiff argues that she cannot do the job of accounting clerk as

it is generally performed because it is a composite job. (Doc. 21 at 11-12). Plaintiff contends that her job required additional duties. (*Id.* at 12). In essence, what Plaintiff is actually arguing is that the job of accounting clerk does not count as past relevant work at all because the job, as she performed it, required duties of other jobs. (*See id.*). Based on these other duties, Plaintiff argues that there is no basis for the ALJ to evaluate the job of accounting clerk as past relevant work. (*See id.*).

A composite job is "one that has significant elements of two or more occupations and, as such, has no counterpart in the DOT." *Paxton v. Colvin,* No. 8:12-CV-583-T-TGW, 2013 WL 1909609, *4 (M.D. Fla. May 8, 2013) (citing SSR 82-61, 1982 WL 31387, *2 (1982)). Nevertheless, Plaintiff "bears the burden of proving that he cannot return to [her] past relevant work." *Levie*, 514 F. App'x at 831 (citation omitted). Moreover, Plaintiff "must demonstrate an inability to perform [her] 'past *kind* of work, not that [she] merely be unable to perform a specific job [she] held in the past.'" *Id.* (emphasis in original; citing *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986). Additionally, Social Security Ruling 82-61 addresses the agency's process in situations where there is a composite job. Specifically, when there is a composite job, the situation "will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert." SSR 82-61, 1982 WL 31387, at *2.

In this case, the ALJ asked a VE to testify as to Plaintiff's past relevant work. (Tr. at 54). Having heard Plaintiff's testimony and reviewed the record, the VE testified that Plaintiff's past relevant work included the position of accounting clerk. (*Id.*). Plaintiff made no objection as to the VE's testimony that her past relevant work included the job of accounting clerk. In fact,

Plaintiff makes no argument now that the ALJ erred in relying on the VE's testimony. Accordingly, based on the unobjected-to testimony of the VE, the Court finds that the ALJ was not wrong to conclude that Plaintiff's past relevant work included the position of accounting clerk.

Furthermore, Plaintiff made no specific argument that she could not perform the job requirements of accounting clerk as generally performed. At most, Plaintiff only demonstrated that she merely cannot perform a specific job she held in the past. *See Levie*, 514 F. App'x at 831. Plaintiff has not demonstrated "an inability to perform [her] "past *kind* of work." *See id.* (emphasis in original; citations omitted). Moreover, the ALJ – relying on the VE's testimony – found that Plaintiff could perform the job of accounting clerk. (Tr. at 26-27). Accordingly, although Plaintiff may not have been able to perform her past relevant work as an accounting clerk as she actually performed it, Plaintiff has not established that she could not do the job of accounting clerk as it is generally performed. The Court, therefore, finds that the ALJ did not err in finding that Plaintiff could perform her past relevant work as an accounting clerk as it is generally performed. The Court affirms on this issue.

## 2. Escrow Clerk

As with the accounting clerk job, Plaintiff contends that she could not perform the job of escrow clerk as actually or generally performed. (Doc. 21 at 11). As to general performance, Plaintiff again argues that she could not perform the escrow clerk position because it was a composite job. (*Id.*).

Here, for the reasons stated above regarding the accounting clerk position, the Court again finds that the ALJ did not err on this ground. Indeed, although Defendant concedes that the ALJ erred in finding that Plaintiff can perform the job of escrow clerk as actually performed,

the Court again finds that the ALJ properly relied on the VE's testimony in finding that Plaintiff could perform her past relevant work as an escrow clerk. (Tr. at 27). As above, Plaintiff offered no argument or objection to the VE's testimony that Plaintiff's past relevant work included the job of escrow clerk. Moreover, the ALJ – relying on the VE's testimony – found that Plaintiff could perform the job of escrow clerk. (Tr. at 26-27). Although Plaintiff may not have been able to perform her past relevant work as an escrow clerk as she actually performed it, Plaintiff has not established that she could not do the job of escrow clerk as it is generally performed. As a result, the Court finds that the ALJ did not err in finding that Plaintiff could perform her past relevant work as an escrow clerk as it is generally performed. The Court, therefore, affirms on this issue.

### 3. State Agency's Findings

Finally, Plaintiff notes that the State agency physician, Dr. James Patty, opined that she could perform the past relevant work of "bank processor," but Dr. Patty did not indicate that Plaintiff could perform the accounting clerk or escrow clerk jobs. (Doc. 21 at 12 (citing Tr. 73)). As a result, Plaintiff argues that, despite giving great weight to Dr. Patty's opinion, the ALJ erred by failing to explain why she reached a different conclusion than Dr. Patty. (*Id.* at 13 (citing Tr. at 25-26, 72-73)).

In response, Defendant argues that the ALJ did not give controlling weight to Dr. Patty's opinion but, instead, gave only great weight to his opinion. (*Id.* at 17-18 (citing Tr. at 26)). Defendant contends that the ALJ properly relied on the testimony of the VE in determining that Plaintiff can perform her past relevant work as an accounting clerk and escrow clerk. (*Id.* at 18 (citing Tr. at 26)).

Here, although the ALJ arguably reached a different conclusion than Dr. Patty, the ALJ properly relied on the VE's testimony when finding that Plaintiff could perform her past relevant work. (Tr. at 26). Indeed, Plaintiff provided no argument that the ALJ improperly relied on the VE's testimony in determining that Plaintiff could perform her past relevant work or that the VE's opinion does not constitute substantial evidence of record. The Court, therefore, affirms on this issue.

**B.     The ALJ's RFC Determination**

The Court next addresses Plaintiff's contention that the ALJ erred in making her RFC determination because she failed to include a sit-stand option in the RFC. (Doc. 21 at 18).

A plaintiff's RFC is used at step four to determine whether she can do past relevant work and at step five to determine if she can adjust to other work in the national economy. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015). "RFC is defined as 'the most [a claimant] can still do despite [her] limitations.'" *Id.* (citing 20 C.F.R. § 416.945(a)(1)). To assess a plaintiff's RFC, the ALJ considers "all the relevant medical and other evidence in [the claimant's] case record." *Id.* (citing 20 C.F.R. § 416.920(e)).

Plaintiff argues that the ALJ erred by failing to include a sit-stand option in her RFC. (Doc. 21 at 18). In support, Plaintiff notes that she "testified that she is unable to sit for more than 20 minutes because everything aches." (*Id.* at 19 (citing Tr. at 47)). Similarly, Plaintiff notes that her mother also "reported that Plaintiff could sit for only 15 minutes." (*Id.* (citing Tr. at 262)). Although the ALJ stated that she gave Plaintiff's mother's opinion partial weight, Plaintiff contends that the ALJ did not explain what parts she credited. (*Id.* (citing Tr. at 26)).

In addition, Plaintiff contends that Debra Roggow, D.O. stated that Plaintiff needed a sit-stand option in her RFC due to her fibromyalgia. (*Id.* (citing Tr. at 384)). Plaintiff further points

out that Dr. Roggow "noted that this part of her opinion was supported by office exam and history consistent with osteoarthritis and fibromyalgia." (*Id.* (citing Tr. at 372)). Thus, Plaintiff argues that Dr. Roggow's opinion that the Plaintiff needs a sit-stand option due to pain is supported by the record. (*Id.*).

Furthermore, Plaintiff points to medical records from Jack Clark, D.O. for the proposition that her pain existed prior to the date last insured. (*Id.* at 19). For example, less than two months after the date last insured, Plaintiff points out that Dr. Clark noted that it was painful for Plaintiff to walk and sit. (*Id.* (citing Tr. at 305)). Plaintiff contends that, because the visit was "sufficiently close" to the date last insured, it "warrant[s] an inference that problems sitting existed prior to" the date last insured. (*Id.* (citing Tr. at 305)).

Finally, Plaintiff contends that she reported pain "going from her feet up to the hips and buttocks area" at a November 2013 appointment. (*Id.* (citing Tr. at 310)). Plaintiff argues that, although the ALJ noted Dr. Clark's opinion, the ALJ found that that Plaintiff did not exhibit abnormalities and required only conservative treatment. (*Id.* at 19-20 (citing Tr. at 24)). Plaintiff argues that this is an "insufficient reason to reject a sit/stand option" because the ALJ's finding is based on a "misunderstanding of fibromyalgia." (*Id.* at 20). Plaintiff argues that the hallmark of fibromyalgia is a lack of objective evidence. (*Id.* (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). Accordingly, Plaintiff argues that the record supports a finding that Plaintiff needed a sit-stand option. (*See id.*).

In response, Defendant argues that Plaintiff failed to prove that she needed a sit-stand option prior to her date last insured. (*Id.* at 21). Specifically, Defendant argues that the ALJ properly evaluated the evidence from the relevant time period in assessing Plaintiff's RFC. (*Id.*).

For instance, Defendant contends that the ALJ's finding that Plaintiff's fibromyalgia and arthritis were "far less limiting than she alleged" is supported by substantial evidence of record. (*Id.* (citing Tr. at 22)). Defendant notes the ALJ's discussion that, in February 2012 and October 2012, Plaintiff's physical examinations were essentially normal. (*Id.* at 22 (citing Tr. at 23, 296-98)). Further, Defendant points to the ALJ's finding that there was a "significant gap in treatment until March 2013" when Dr. Clark treated Plaintiff's "widespread body pain" with extra strength Tylenol. (*Id.* at 22-23 (citing Tr. at 23, 324-27)). Similarly, as noted by the ALJ, Defendant notes that, in June 2013, Plaintiff reported diffuse widespread pain but that it had improved with increase in medication. (*Id.* at 23 (citing Tr. 23, 319)).

Furthermore, while Plaintiff points to Dr. Clark's opinion dated two months after her date last insured, Defendant argues that Plaintiff did not indicate that she was in pain while sitting before the date last insured. (*Id.*). As a result, Defendant argues that this "appears to be a new complaint" and is not relevant here. (*Id.*). Similarly, Defendant contends that Dr. Roggow's notes and opinions are from over two years after Plaintiff's date last insured and are, therefore, irrelevant in this discussion. (*Id.*). Consequently, Defendant argues Plaintiff has failed to show that she has additional limitations not found by the ALJ, prior to December 31, 2013. (*Id.*).

After a careful review of the record, the Court finds that Plaintiff failed to establish that she had additional limitations during the relevant time period. As noted above, Plaintiff bears the burden of persuasion and burden of proof through step four. *See Yuckert*, 482 U.S. at 146 n.5; *Hines-Sharp*, 511 F. App'x at 915 n.2. Here, while Plaintiff argues that the ALJ should have included a sit-stand option in the RFC, Plaintiff only cited medical records outside of the relevant time period showing that she had trouble sitting. (*See* Doc. 21 at 19). In fact, it appears that Plaintiff only pointed to one medical record from the relevant time period in support of her

argument that the ALJ should have included a sit-stand option. (*See id.* (citing Tr. at 310). While this medical record shows that Plaintiff reported trouble standing, there is no discussion that Plaintiff had issues sitting. (*See* Tr. at 310).

Furthermore, despite the lack of objective medical records for her position, Plaintiff contends that her own testimony and that her mother's opinion supports a conclusion that a sit-stand option should have been included in the RFC. (Doc. 21 at 19). For the reasons discussed in Part II.C., *infra*, however, the Court finds that the ALJ did not err in reviewing Plaintiff's credibility, including Plaintiff's alleged symptoms resulting from her fibromyalgia. Furthermore, Plaintiff provided no argument or citation to authority suggesting that the ALJ erred in reviewing her mother's opinion such that a sit-stand option should have been included in the RFC. (*See* Tr. at 26).

In sum, Plaintiff failed to meet her burden of showing that the ALJ erred in omitting a sit-stand option in Plaintiff's RFC prior to the date last insured. The Court, therefore, affirms on this issue.

### C.     The ALJ's Failure to Include Concentration Limitations

The final issue raised by Plaintiff is that the ALJ failed to include concentration limitations in the RFC and that the ALJ improperly evaluated her fibromyalgia. (Doc. 21 at 23). In making this argument, Plaintiff essentially argues that the ALJ erred in reviewing her credibility. (*See id.*).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give

rise to the claimed pain." *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)).  After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them, and that determination will be reviewed to determine if it is based on substantial evidence.  *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)).  If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true."  *Wilson*, 284 F.3d at 1225 (internal citations omitted).  Nevertheless, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."  *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The factors an ALJ considers in evaluating a plaintiff's subjective symptoms include:

1.     The individual's daily activities;

2.     The location, duration, frequency, and intensity of pain or other symptoms;

3.     Factors that precipitate and aggravate the symptoms;

4.     The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5.     Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6.     Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7.     Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3; *see also* SSR 16-3p, 2016 WL 1119029, at *7 (factors nearly identical to SSR 96-7p); *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

"A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

Here, Plaintiff argues that the ALJ erred in finding that "Plaintiff does not have any limitations with concentration." (Doc. 21 at 23). Specifically, Plaintiff argues that the ALJ incorrectly stated that "Plaintiff never reported problems with concentration." (*Id.* at 24). In support, Plaintiff points to a July 16, 2014 Function Report from her disability application in which she reported difficulties with concentration, reading, and memory. (*Id.* (citing Tr. at 214-15)). Further, Plaintiff argues that there is evidence of her concentration problems in the medical record. (*Id.* (citing Tr. at 296-98)). Specifically, Plaintiff points to a note, which note she contends states that she has problems "with fog." (*Id.* (citing Tr. at 296)). Plaintiff argues that this "fog" refers to fibromyalgia fog, a common symptom of patients with fibromyalgia. (*Id.* (citing *Dutil v. Barnhart*, 457 F. Supp. 2d 1321, 1328 (M.D. Fla. 2005)). Nevertheless, Plaintiff concedes that those records are "not very legible in some parts." (*Id.*).

Furthermore, Plaintiff notes that the majority of the medical records are office notes from Dr. Jack Clark. (*Id.* at 25). Plaintiff contends that Dr. Clark takes "poor notes and his notes do not reflect how she feels." (*Id.* at 25 (citing Tr. at 226)). Similarly, Plaintiff points out that Dr. Clark's notes do not contain a mental status section. (*Id.* (citing Tr. at 324-27)). Consequently, given that Dr. Clark's records are virtually the only medical records from the relevant time period, Plaintiff argues that "the ALJ should have considered this and other evidence more carefully than [s]he did and should have delved more into the rest of the record to identify the evidence indicating that the Plaintiff had concentration problems." (*Id.* (internal citations omitted)).

Finally, Plaintiff argues that the ALJ erred in stating that her fatigue did not occur frequently or pervasively enough to affect her ability to concentrate. (*Id.* at 26 (citing Tr. at 23)). Rather, Plaintiff argues that "[d]octors' notes repeatedly referenced that the Plaintiff is fatigued all the time, tired or exhausted." (*Id.* (citing Tr. at 300, 305, 330, 376, 382, 388, 405)). Plaintiff also points to her testimony at the hearing and her application as evidence that her fatigue and lack of energy affect her ability to concentrate. (*Id.* (citing Tr. at 49, 248)). As a result, Plaintiff argues that the "ALJ's conclusive statement regarding the frequency and pervasiveness of the Plaintiff's fatigue is simply not supported by the record." (*Id.*).

In response, Defendant argues that the ALJ properly considered Plaintiff's subjective complaints along with the medical evidence when assessing her RFC. (*Id.* (citing Tr. at 21-23)). Specifically, Defendant contends that substantial evidence supports the ALJ's finding that the alleged mental limitations were not consistent with the medical evidence. (*Id.* at 27 (citing Tr. at 22)). For instance, Defendant notes that Dr. Clark's notes do not indicate that Plaintiff had problems with concentration. (*Id.*). Further, Defendant argues that Plaintiff did not point to any medical records from the relevant time period showing that she had difficulties with concentration. (*Id.*). Finally, Defendant contends that the ALJ noted Plaintiff's assertion that her fatigue affected her concentration, but "properly found her allegations not entirely consistent with the record." (*Id.* at 28 (citing Tr. at 22)). As a result, Defendant argues that the ALJ's thorough discussion of the medical records and other evidence support her evaluation of Plaintiff's subjective statements. (*Id.* (internal citations omitted)).

After careful review of the record, the Court finds that the ALJ's decision is supported by substantial evidence and was decided under the correct legal standards. *See McRoberts*, 841 F.2d at 1080. Here, the ALJ specifically discussed Plaintiff's complaints regarding her

fibromyalgia, includer her fatigue and inability to concentrate. (Tr. at 23-24). Yet the ALJ did not find that the evidence supported the severity and persistence of her alleged complaints. (Tr. at 23-24 (citing Tr. at 296-98)).

In making this credibility finding, the ALJ found that Plaintiff's "medical record shows that she received infrequent, conservative treatment for her arthritis and fibromyalgia prior to December 31, 2013." (Tr. at 24). Additionally, the ALJ pointed out that while "Dr. Clark noted that the claimant exhibited multiple tender/painful fibromyalgia trigger points," the ALJ nonetheless found that Plaintiff "never demonstrated synovitis, joint swelling, focal deficits, sensory deficits, or decreased muscle strength and tone. Her reflexes and coordination were normal." (*Id.*). Additionally, the ALJ noted that Plaintiff "reported improvement in her pain symptoms with treatment." (*Id.*). Further, the ALJ found that "the record also shows that she could perform most activities of daily living." (*Id.*).

As noted above, however, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner*, 421 F. App'x at 939. Here, while Plaintiff contends that the ALJ misunderstood fibromyalgia, which condition is noted for a lack of objective findings, Plaintiff does not expressly contest the ALJ's findings as to why Plaintiff's statements were not entirely credible. (*See* Doc. 21 at 20). Moreover, after careful review of the record, the Court cannot find that the ALJ's reasons for discounting Plaintiff's credibility are clearly wrong. *See Werner*, 421 F. App'x at 939. Stated differently, even if the ALJ in fact misunderstood Plaintiff's fibromyalgia, the ALJ cited substantial evidence of record in finding that Plaintiff's allegations were not as severe as alleged.

Furthermore, although Plaintiff argues that she told her doctors in 2012 that she had problems with concentration, Plaintiff only cites one illegible doctor's note in support. (Doc. 21 at 24 (citing Tr. at 296-98)). Specifically, Plaintiff contends that a medical record dated October 15, 2012 shows that she had "fibro fog." (*Id.* (citing Tr. at 296)). Here, although Plaintiff contends that the note says that she had issues "with fog," the shorthand could just as easily be read as saying "taken by mouth three times with food." (*See* Tr. at 296). Because the Court is not the finder of fact here, the Court declines to determine what the doctor intended to say.

Moreover, even if the Court agreed with Plaintiff that the note states that Plaintiff has fibro fog, any error by the ALJ would appear harmless. *See Denomme v. Comm'r Soc. Sec. Admin.*, 518 F. App'x 875, 876 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)). Indeed, one reference to a problem with concentration hardly equates to a consistent and persistent issue with concentration. In addition, the Court notes that the ALJ expressly considered this medical record multiple times in her decision. (Tr. at 23, 26 (citing Tr. at 296-98)). Furthermore, it appears that all other evidence to which Plaintiff cites in support of her position that the ALJ erred in evaluating her concentration or fatigue is outside of the relevant time period. (*See* Tr. at 214-15, 300, 305, 376, 382, 388, 405). As a result, the Court has not basis to conclude that the ALJ erred.

As a final matter, the Court rejects Plaintiff's argument that, because Dr. Clark's medical records constituted a majority of the medical records and because Dr. Clark neither took good notes nor has a mental status section in his notes, the ALJ should have considered other evidence more carefully. (Doc. 21 at 25 (citing Tr. at 324-327)). Plaintiff failed to cite any binding authority to support her position on this point. (*See* Doc. 21 at 25). Furthermore, it appears that

the ALJ properly evaluated the entire medical evidence of record in reaching his ultimate conclusions.  As a result, the Court affirms on this issue.

## III.    Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.  *See McRoberts*, 841 F.2d at 1080.

Accordingly, the Court hereby **ORDERS** that:

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).  The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 10, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties